J-S02006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LASHAE BRIONNE REEDS | : | |
| | : | |
| Appellant | : | No. 1254 EDA 2023 |

Appeal from the PCRA Order Entered May 4, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000091-2018

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                **FILED JULY 31, 2024**

Lashae Brionne Reeds appeals, *pro se*, from the order, entered in the Court of Common Pleas of Northampton County, dismissing her petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

On September 4, 2018, Reeds entered a negotiated guilty plea to one count each of driving under the influence of a controlled substance ("DUI")—second offense, possession of a controlled substance, and driving while operating privilege is suspended or revoked. On September 21, 2018, the trial court sentenced Reeds to a term of 90 days to 60 months' incarceration for DUI, a consecutive term of 60 days' incarceration for driving while suspended or revoked, and 12 months of probation, to run concurrently. The

_____

[*] Former Justice specially assigned to the Superior Court.

trial court ordered its judgment of sentence to run consecutively to a term of incarceration Reeds was already serving in Lehigh County. Reeds did not file post-sentence motions or a direct appeal.

On October 20, 2020, Reeds, acting *pro se*, filed a "Petition for Resentencing Under Act 81 RRRI." On October 22, 2020, the trial court issued an order noting that Reeds was represented by Susan Hutnick, Esquire, and directing the clerk of courts to forward Reeds' *pro se* motion to counsel. The court took no further action.

Subsequently, between June 6, 2021, and October 24, 2022, Reeds submitted numerous *pro se* filings and correspondence alleging ineffectiveness of counsel, claiming that she was improperly held in state prison rather than a county facility, and complaining that she was denied parole. On December 22, 2022, the court issued an order appointing Alfred Stirba, Esquire, as PCRA counsel to represent Reeds in conjunction with her *pro se* correspondence, which the court treated as a PCRA petition. The court further scheduled an "issue framing" conference, which, after multiple continuances, was held on February 15, 2023. Thereafter, on February 17, 2023, the PCRA court issued an order directing Attorney Stirba to file an amended PCRA petition within 30 days. Ultimately, Attorney Stirba filed a

motion to withdraw and a ***Turner***/***Finley***[1] "no-merit" letter on March 21,

2023. In his no-merit letter, counsel stated the following:

> Culled from her *pro se* filings, her appearance before [the c]ourt[,] and her conversations with the undersigned, [Reeds] raises two issues in this PCRA petition: (1) that [Reeds] was unaware that her guilty plea would result in a state prison sentence and, therefore, her plea was not knowing, intentional[,] and voluntary; and (2) that the Department of Corrections has unlawfully denied [Reeds'] multiple attempts to parole.

***Turner***/***Finley*** Letter, 3/21/22, at 2. Upon review of the record, Attorney

Stirba concluded that Reeds' petition was facially untimely and that she failed

to satisfy any of the statutory exceptions to the time bar.

On March 21, 2023, the PCRA court issued notice of its intent to dismiss

Reeds' PCRA petition pursuant to Pa.R.Crim.P. 907 and granted Attorney

Stirba leave to withdraw. Reeds filed a response to the court's Rule 907

notice.[2] On April 6, 2023, the PCRA court issued an order dismissing Reeds'

PCRA petition. The order was served on Reeds at Northampton County Prison

but was returned to the PCRA court with a notification that Reeds had been

discharged from that facility. Accordingly, on May 4, 2023, the court issued

an amended order, again dismissing the petition. Reeds filed a timely notice

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] This document does not appear in the certified record on appeal. ***See*** Amended Order, 5/4/23, at 1 n.2 (stating Reeds filed response to Rule 907 notice).

of appeal on May 12, 2023,[3] followed by a court-ordered Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal.   Reeds raises the

following claims for our review:

> 1.  Did [Reeds] receive ineffective assistance of counsel in violation of her Sixth Amendment right[s]?
>
> 2.  Did a lack of transcripts of proceedings hinder [Reed's] ability to understand and litigate her conviction and sentencing?
>
> 3.  Was [Reeds] sentenced and transported to a [Pennsylvania] state prison contrary to [the sentencing judge's] discretionary order?
>
> 4.  Was [the] traffic stop that resulted in the search, seizure, and arrest of [Reeds] illegal and in violation of her Fourth Amendment right[s]?
>
> 5.  Did [Reeds] sign a plea agreement that was knowing and voluntary?
>
> 6.  Is [Reeds] being continuously held and given violations and [hits] by the [Pennsylvania] Board of Probation and Parole for reasons not supported by record or law?
>
> 7.  Has [Reeds] been able to meet the standard to circumvent the time[ ]bar for the purpose of appealing her issues?

Brief of Appellant, at 4-5 (unnecessary capitalization omitted).

Prior to addressing Reeds' appellate claims, we must determine whether

the PCRA court properly determined that her petition was untimely and,

therefore, that it lacked jurisdiction to consider its merits.  The timeliness of

a PCRA petition is a jurisdictional threshold and may not be disregarded in

_____

[3] In her notice of appeal, Reeds purports to appeal from the original April 6, 2023 order denying PCRA relief.  We have corrected the docket to reflect that the appeal properly lies from the May 4, 2023 amended order.

order to reach the merits of the claims raised in a PCRA petition that is untimely. ***See Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[4]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. ***See id.*** at § 9545(b)(2).

Here, Reeds' judgment of sentence became final on October 22, 2018, at the expiration of the 30-day period for filing a direct appeal with this Court.[5]

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[5] The thirtieth day following the imposition of Reeds' judgment of sentence fell on Sunday, October 21, 2018.  Pursuant to 1 Pa.C.S.A. § 1908, weekends and
*(Footnote Continued Next Page)*

***See id.*** at § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Reeds had until October 22, 2019, to file a timely PCRA petition. Reed's PCRA petition was dated October 24, 2022,[6] more than four years after her judgment of sentence became final. Accordingly, Reeds' petition is untimely, unless she has satisfied her burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

Reeds failed to plead and prove an exception to the time bar in her PCRA petition. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to address Reeds' claims and we, therefore, affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2024

---

holidays are excluded from the period for calculating an appeal. Accordingly, Reeds had until Monday, October 22, 2018 to file a direct appeal.

[6] Even giving Reeds the benefit of the date she submitted her first *pro se* filing, June 14, 2021, she would still be outside the PCRA's jurisdictional time bar by more than 1½ years.